UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MUNGUIA, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>aTyr PHARMA Inc., and SANJAY S. SHUKLA,<br><br>                                  Defendants.<br>_____ | Case No.:  3:25-cv-02681-WQH-SBC |
| JOHN KING, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>aTyr PHARMA Inc., and SANJAY S. SHUKLA,<br><br>                                  Defendants. | Case No.:  3:25-cv-02826-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Joint Motion to Consolidate Cases, Appoint Counsel, and Appoint Co-Lead Plaintiffs filed by Andrea Holliday Bloom, Joshua Bloom, Insun Lee, Anthony Fairris, and Karyn Fairris. (ECF No. 18.)

## I.    PROCEDURAL HISTORY

On October 9, 2025, Plaintiff Marco Munguia filed a Complaint against Defendants aTyr Pharma Inc. ("aTyr") and Sanjay S. Shukla (together, "Defendants") claiming violations of federal securities laws related to Defendants' development of a pharmaceutical product named Efzofitimod. (ECF No. 1, *Munguia v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02681-WQH-SBC ("this action" or "the *Munguia* action").)[1] Plaintiff Munguia's Complaint seeks damages on behalf of all investors who purchased or acquired aTyr common stock during the period between January 16, 2025, and September 12, 2025. *Id.* at 2.

On October 22, 2025, Plaintiff John King filed a similar complaint in the Southern District of California stating claims against Defendants for violations of federal securities laws related to the development of Efzofitimod. (ECF No. 1, *King v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02826-WQH-SBC (the "*King* action").) Plaintiff King's Complaint seeks damages on behalf of all investors who purchased or acquired aTyr common stock, call options on aTyr common stock, and/or put options on aTyr common stock during the period between November 7, 2024, and September 12, 2025. *Id.* at 2.

On December 8, 2025, Movant Michael Todd filed a motion in this action seeking consolidation of these two cases, appointment as lead plaintiff, and approval of his legal representatives as lead counsel in the consolidated action. (ECF No. 4.) On December 17, 2025, Movant Michael Todd withdrew that motion. (ECF No. 10.)

On December 8, 2025, Movant Wallace Madewell filed a motion seeking consolidation, appointment as lead plaintiff, and approval of lead counsel. (ECF No. 5.) On the same day, Movant Wallace Madewell filed an identical motion in the *King* action. (ECF No. 5, *King v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02826-WQH-SBC.) On December

---

[1] Unless otherwise indicated, all citations to docket entries in this Order refer to filings in the *Munguia* action.

29, 2025, Movant Wallace Madewell withdrew those motions. (ECF No. 13; ECF No. 6, *King v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02826-WQH-SBC.)

On December 8, 2025, Movants Daniel Gron and Stanley Mwaura filed a motion seeking appointment as co-lead plaintiffs and approval of co-lead counsel. (ECF No. 6.) On January 5, 2026, Movants Daniel Gron and Stanely Mwaura filed a Notice of Non-Opposition. (ECF No. 17.)

On December 8, 2025, Movant Benjamin Pease filed a motion seeking consolidation, appointment as lead plaintiff, and approval of lead counsel. (ECF No. 7.) On December 29, 2025, Movant Benjamin Pease withdrew that motion. (ECF No. 14.)

On December 8, 2025, Movants Andrea Holliday Bloom and Joshua Bloom (together, "Bloom Family") filed a motion seeking consolidation, appointment as lead plaintiff, and approval of lead counsel. (ECF No. 8.)

On December 8, 2025, Movants Insun Lee ("Lee"), Anthony Fairris, and Karyn Fairris (together, "Fairris Family") filed a motion seeking consolidation, appointment as co-lead plaintiffs, and approval of lead counsel. (ECF No. 9.) On December 29, 2025, Movants Insun Lee and Fairris Family filed a Notice of Non-Opposition indicating their assent to the appointment of Bloom Family as lead plaintiff. (ECF No. 15.)

On January 5, 2026, Movants Bloom Family, Fairris Family, and Lee (together, "Moving Plaintiffs") filed a joint motion (the "Joint Motion") seeking consolidation, appointment as co-lead plaintiffs, and approval of their respective legal representatives— Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Pomerantz LLP ("Pomerantz")—as co-lead counsel in this action. (ECF No. 18.)

## II.   LEGAL STANDARD

### A.   Consolidation

Federal Rule of Civil Procedure 42 states that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The United States Supreme Court has written that federal district courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v.*

3:25-cv-02681-WQH-SBC

*Hall*, 584 U.S. 59, 77 (2018). The Ninth Circuit has endorsed the same principle. *In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court."); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).

Consolidation is a tool used to promote the efficiency of judicial proceedings. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933). In exercising its discretion to order consolidation of multiple actions presenting common issues of law or fact under Rule 42(a), a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (A "[c]ourt should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.").

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, a district court must adjudicate any motions to consolidate before appointing a lead plaintiff in a securities class action brought under the Securities and Exchange Act of 1934 (the "Exchange Act"). *Id.* at § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007).

3:25-cv-02681-WQH-SBC

**B.      Appointment of Lead Plaintiff and Lead Counsel**

The PSLRA requires that a district court "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining which member or members are most capable of representing the interests of class members, a district court "shall adopt a presumption that the most adequate plaintiff" is the person or group that (a) has either filed the complaint or moved for appointment as lead plaintiff, (b) "has the largest financial interest in the relief sought by the class," and (c) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *Id.* at §§ 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

District courts undertake a three-step analysis to determine the most appropriate lead plaintiff under the PSLRA. *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002). First, the plaintiff that files a complaint must publicize the action in a "widely circulated national business-oriented publication or wire service" within twenty days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the district court determines the presumptive lead plaintiff by assessing financial losses suffered by those seeking appointment as the lead plaintiff. "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality" and "adequacy.'" *In re Cavanaugh*, 306 F.3d at 730. If the plaintiff with the "largest financial stake in the controversy provides information that satisfies these requirements," that plaintiff shall become the "presumptively most adequate plaintiff." *Id.* Third, the district court will provide other moving plaintiffs the "opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

3:25-cv-02681-WQH-SBC

Following the appointment of a lead plaintiff, the PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §§ 78u-4(a)(3)(B)(v).

## III.    DISCUSSION

### A.    Motion to Consolidate

Moving Plaintiffs request that the Court consolidate the two cases in this district asserting violations of Section 10(b), Rule 10b-5, and Section 20(a) of the Exchange Act against Defendants: the *Munguia* action and the *King* action. (ECF No. 18 at 2.) Moving Plaintiffs contend that consolidation is warranted because these actions "involve common questions of both law and fact." *Id.*

These cases are both federal securities class actions arising from alleged misstatements disseminated by Defendant aTyr Pharma Inc. related to its "Phase 3, randomized, double-blind, placebo-controlled study to evaluate the safety and efficacy of intravenous Efzofitimod in patients with pulmonary sarcoidosis." (ECF No. 1 at 2–3; *see also* ECF No. 1 at 2, *King v. aTyr Pharma Inc. et al*, 25-cv-02826-WQH-SBC (describing the action in nearly identical terms).) The causes of action asserted in the two complaints are identical. These substantial similarities weigh heavily in favor of consolidation. Moreover, no party has indicated that they oppose consolidation.

The relevant difference between the two actions is the Class Period. In the *Munguia* action, the Complaint identifies the period as "between January 16, 2025, and September 12, 2026, inclusive." (ECF No. 1 at 2.) In the *King* action, the complaint identifies the period as "between November 7, 2024, and September 12, 2025, inclusive." (ECF No. 1 at 2, *King v. aTyr Pharma Inc. et al*, 25-cv-02826-WQH-SBC.) District courts may choose to consolidate related actions despite "minor differences in class periods." *Alonzo v. Dexcom Inc.*, No. 24-CV-1485-RSH-VET, 2024 WL 5112751, at *2 (S.D. Cal. Dec. 13, 2024). For the purposes of appointing a lead plaintiff in such cases, the "longest class period governs." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014). Here, the Class

3:25-cv-02681-WQH-SBC

Period is the period described in the *King* action lasting from November 7, 2024, through September 12, 2025, inclusive.

Consolidation of these actions is appropriate because the proceedings will be simplified, and both actions may proceed with greater efficiency. "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Hardy v. MabVax Therapeutics Holdings*, No. 18-CV-01160-BAS-NLS, 2018 WL 4252345, at *1 (S.D. Cal. Sept. 6, 2018) (quoting *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018)). The Joint Motion (ECF No. 18) is granted with respect to consolidation.

### B.    Motion to Appoint Lead Plaintiffs

Moving Plaintiffs request that the Court appoint Bloom Family and Lee as Co-Lead Plaintiffs in the consolidated action. (ECF No. 18 at 2.)

Moving Plaintiffs contend that Bloom Family should be appointed as co-lead plaintiff because they suffered $791,654.76 in losses as a result of purchasing aTyr securities during the Class Period, and that this amount is the largest financial loss among all potential lead plaintiffs. *Id.* at 3. In support of their earlier, individual motion for consolidation and appointment of lead plaintiff, Bloom Family submitted the Declaration of Lucas E. Gilmore documenting Bloom Family's purchases of aTyr securities and financial losses during the Class Period. (*See* ECF Nos. 8-2, 8-3, 8-4, 8-4). Moving Plaintiffs also contend that Bloom Family satisfies the typicality requirement of Federal Rule of Civil Procedure 23(a) because their claims arise from the purchase of aTyr securities during the Class Period and, like other members of the class, Bloom Family suffered damages because of Defendants' allegedly false or misleading statements. (ECF No. 8 at 6–7.) Moving Plaintiffs contend that Bloom Family satisfies the adequacy requirement of Rule 23(a) because "there is no evidence of antagonism between [their]

3:25-cv-02681-WQH-SBC

interests and those of proposed class members" and their substantial financial losses will motivate them to vigorously pursue the interests of the class. *Id.* at 7.

Moving Plaintiffs contend that Lee should also be appointed as co-lead plaintiff because she suffered approximately $133,498.00 in losses as a result of purchasing aTyr securities during the Class Period. (ECF No. 18 at 3; ECF No. 9-2 at 7.) In support of their earlier motion for consolidation and appointment of lead plaintiff, Lee and Fairris Family submitted the Declaration of Jennifer Pafiti documenting her purchases of aTyr securities and financial losses during the Class Period. (*See* ECF No. 9-2). Moving Plaintiffs contend that Lee satisfies the typicality and adequacy requirements for the same reasons that Bloom Family does. (ECF No. 8 at 3; *see also* ECF No. 9 at 15–20.)

Moving Plaintiffs also contend that the "proposed co-lead plaintiff structure will inure to the benefit of the Class as the co-lead plaintiffs will represent a broader cross-section of the Class as the Bloom Family and Lee bought [aTyr] securities at different times during the Class Period, thereby better ensuring that all class members are monitored and protected throughout the litigation" and "bring a broader range of specialized expertise in securities class action litigation" through the appointment of each movant's respective counsel. (ECF No. 18 at 4.)

### 1. *Procedural Requirements*

On October 9, 2025, notice of the pendency of this action was published in a national business-oriented wire service entitled Globe Newswire. (ECF No. 8-6; *see also* ECF No. 9-2 at 16–17). The notice complied with the requirements of the PSLRA because it was published within twenty days of the filing of the complaint, listed the claims in this action, identified the Class Period, and advised putative class members that they had sixty days from the date of publication of the notice to seek appointment as lead plaintiff in the action. *See id.*; 15 U.S.C. § 78u-4(a)(3)(A).

Bloom Family filed their earlier motion for consolidation and appointment as lead plaintiff on December 8, 2025. (ECF No. 8.) Lee filed her equivalent motion on the same day. Therefore, Moving Plaintiffs timely filed their motions within the permissible period

3:25-cv-02681-WQH-SBC

described in 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) notwithstanding their filing the revised, pending Joint Motion on January 5, 2026. (ECF No. 18.) The procedural requirements of the PLSRA are satisfied.

### 2. *Financial Interest*

District courts consider the *Olsten-Lax* factors to assess which movants have the largest financial interest in a securities class action: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 at *5 (N.D. Ill. Aug. 11, 1997)). The fourth factor—the total losses suffered—is the "most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *3.

Based on the Exhibits submitted in support of their earlier motion for appointment as lead counsel, Bloom Family has the largest financial interest in this action: $791,645.76 in alleged damages. (*See* ECF No. 8-2 at 2.) Lee has neither the largest nor the second-largest financial interest in this action. (ECF No. 9-2 at 7 (declaring losses of approximately $133,498.00).) The Court, however, considers the appointment of Bloom Family and Lee as co-lead plaintiffs appropriate in this case based on the adequacy of Bloom Family's financial interest and the parties' joint request filed in the interest of avoiding a protracted dispute regarding appointment of lead counsel. (ECF No. 18 at 4; *see also* ECF No. 25, *Leong v. Capricor Therapeutics, Inc. et al.*, No. 3:25-cv-01815-GPC-AHG (S.D. Cal. Oct 14, 2025) (granting a joint motion to appoint co-lead plaintiffs in a securities class action).)

All other movants in this action have reported smaller losses than Bloom Family and, separately, have either withdrawn their motions for appointment as lead plaintiff or filed notices in support of the appointment of Bloom Family as lead plaintiff. Movant Morrow reported suffering financial losses of $176,279.53, (ECF No. 4 at 14), but withdrew his motion for appointment as lead plaintiff. (ECF No. 10.) Movant Madewell

3:25-cv-02681-WQH-SBC

reported suffering "total LIFO losses of $95,024.54 and $175,383.13 in LIFO losses attributable to just the common stock portion of his investment," (ECF No. 5 at 11), but withdrew his motion for appointment as lead plaintiff. (ECF No. 13.) Movants Gron and Mwaura reported a combined loss of $192,706.74, (ECF No. 6 at 6), but subsequently filed a Notice of Non-Opposition stating that they do "not have the 'largest financial interest' in this litigation within the meaning of the PLSRA" and that "the record reflects that the Bloom Family has suffered the greatest loss." (ECF No. 17 at 2; *see id.* (stating that Movants Gron and Mwuara nonetheless "remain[] ready, willing, and able" to serve as co-lead plaintiffs, if the Court determines that Bloom Family is not an appropriate lead plaintiff).) Movant Pease reported suffering a loss of $93,219.10, (ECF No. 7), and withdrew his motion for appointment as lead plaintiff. (ECF No. 14.) Movant Anthony Fairris reported suffering losses of $92,092.00, (ECF No. 9-2 at 7), and Movant Karyn Fairris suffered losses of $13,200.00, *id.*, but both subsequently joined the Moving Plaintiffs in requesting that the Count appoint only Bloom Family and Lee as co-lead plaintiffs. (ECF No. 18 at 2.) Plaintiff John King, the filing plaintiff in the *King* action, has not included sufficient information in his Complaint for the Court to determine whether he has the largest financial interest among potential lead plaintiffs. (ECF No. 1, *King v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02826-WQH-SBC.) Plaintiff John King has also not separately moved for appointment as lead plaintiff nor filed an opposition to other movants' pending or withdrawn motions. The same is true for Plaintiff Marco Munguia, the filing plaintiff in this action. (ECF No. 1.)

### 3. Rule 23(a)

Bloom Family and Lee, as joint movants, have demonstrated that they have the largest financial interest in this action and, accordingly, the Court now considers whether they otherwise satisfy "the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d at 730. Rule 23(a) requires that "the claims or defenses of the [lead plaintiff] are typical of the claims or defenses of the class" and that

3:25-cv-02681-WQH-SBC

"the [lead plaintiff] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Typicality requires that courts consider "whether other members [of the class] have the same or similar injury [as the lead plaintiff], whether the action is based on conduct which is not unique to the [lead plaintiff], and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Id.* Here, Bloom Family and Lee assert claims that are typical of the class because each contends that they purchased aTyr securities during the Class Period and—as a result of Defendants' alleged false or misleading statements—suffered damages by virtue of aTyr Pharma Inc.'s deflated stock price. (ECF No. 8 at 6; ECF No. 9 at 16–17.) These similarities are sufficient to establish typicality within the meaning of Rule 23(a). *See, e.g.*, *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013).

Adequacy requires that courts consider whether a lead plaintiff has any "conflicts of interest with other class members" and whether counsel for a lead plaintiff will "prosecute the action vigorously on behalf of the class[.]" *In re Mersho*, 6 F.4th 891, 900 (9th Cir. 2021) (quotation omitted). Here, there is no indication that Bloom Family nor Lee has any conflict of interest with other members of the class nor that either is subject to unique defenses. Other movants' decisions to withdraw their own motions or file a Notice of Non-Opposition in response to the Moving Plaintiffs also suggests that other members of the class are not aware of any conflicts of interests that might impede Bloom Family and Lee from litigating this action on behalf of the class. Bloom Family and Lee have each filed certifications indicating their willingness to serve as a representative party on behalf of the class and declaring that they did not acquire aTyr Pharma Inc. securities at the direction of counsel to participate in this action. (ECF No. 8-3 at 2, 4; ECF No. 9-2 at 19–20.) Bloom Family and Lee have each retained counsel with experience litigating similar securities actions. (ECF No. 8 at 2; ECF No. 8-7.)

Accordingly, Bloom Family and Lee satisfy the typicality and adequacy requirements of Rule 23(a).

### 4. *Rebuttal Evidence*

Based on the foregoing, the Court adopts the presumption that Bloom Family and Lee they are the most adequate plaintiffs in this consolidated action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class" that they "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class." *Id.* at (a)(3)(B)(iii)(II). Here, no other party has presented evidence suggesting that Bloom Family and Lee are inadequate representatives of the class. Absent such proof, Bloom Family and Lee are entitled to be appointed as co-lead plaintiffs in this action. *See, e.g.*, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *6.

### C.     Motion to Appoint Lead Counsel

"[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). Bloom Family is represented by Hagens Berman Sobol Shapiro LLP, (ECF No. 8 at 2), and previously submitted a resume describing the firm's extensive experience in securities litigation. (ECF No. 8-7.) Lee is represented by Pomerantz LLP, (ECF No. 9 at 8), and likewise submitted a resume describing the firm's substantial experience in securities litigation. (ECF No. 9-2 at 50–109.) Based on these firms' experience in matters similar to this action, the appointment of Hagens Berman Sobol Shapiro LLP and Pomerantz LLP as co-lead counsel is appropriate.

### IV.    CONCLUSION

IT IS HEREBY ORDERED that the Joint Motion to Consolidate Case, Appoint Counsel, and Appoint Co-Lead Plaintiffs (ECF No. 18) filed by Andrea Holliday Bloom, Joshua Bloom, Insun Lee, Anthony Fairris, and Karyn Fairris is granted in full. The following cases are consolidated for all purposes under 3:25-cv-02681-WQH-SBC (the

3:25-cv-02681-WQH-SBC

"Consolidated Action"): *Munguia v. aTyr Pharma Inc. et al*, Case No. 3:25-cv-02681-WQH-SBC; *King v. aTyr Pharma Inc. et al*, Case No. 25-cv-02826-WQH-SBC. The Court appoints Joshua Bloom, Andrea Holiday Bloom (together, "Bloom Family") and Insun Lee ("Lee") as Co-Lead Plaintiffs. The Court appoints Hagens Berman Sobol Shapiro LLP and Pomerantz LLP as Co-Lead Counsel.

IT IS FURTHER ORDERED that the remaining motions in this action seeking consolidation, appointment as lead plaintiff, and appointment of lead counsel that have not yet been withdrawn are denied as moot. (ECF Nos. 6, 8, 9.)

IT IS FURTHER ORDERED that all future documents filed in connection with the Consolidated Action shall be filed under Lead Case No. 3:25-cv-02681-WQH-SBC. All documents previously filed in the *King* action shall be deemed a part of the record in the Consolidated Action.

IT IS FURTHER ORDERED that every pleading filed in the Consolidated Action shall bear the following caption:

| | |
|---|---|
| In re aTyr Pharma Inc. Class Action Securities Litigation | Lead Case No.: 3:25-cv-02681-WQH-SBC |
| _____ | |
| This document relates to: | |
| Case No.: 3:25-cv-02681-WQH-SBC | |
| Case No.: 3:25-cv-02826-WQH-SBC | |

IT IS FURTHER ORDERED that Co-Lead Plaintiffs shall file a Status Report within fourteen (14) days of the filing of this Order indicating the date by which they plan to file an Amended Complaint.

Dated:  February 9, 2026

Hon. William Q. Hayes
United States District Court

13

3:25-cv-02681-WQH-SBC